IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADAM GALVAN, #1895561,<br>    Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>    Respondent. | §<br>§<br>§<br>§   CIVIL CASE NO. 3:16-CV-2866-N-BK<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the petition should be **DENIED**.

**I. BACKGROUND**

A jury convicted Petitioner of three counts of aggravated assault of a public servant with a deadly weapon, and sentenced him to 60 years' imprisonment on each count. *State v. Galvan*, No. F47144 (413th Jud. Dist. Court, Johnson Cty., Tex., Nov. 7, 2013), *aff'd*, 10-13-00407-CR, 2014 WL 6872901 (Tex. App.—Waco Nov. 26, 2014, pet. ref'd). The Court of Criminal Appeals subsequently denied habeas relief. *Ex parte Galvan*, No. 85,726-01 (Tex. Crim. App. Sept. 28, 2016) (denying relief without written order); Doc. 11-22 at 1.[1]

---

[1] The state habeas court record is available at Doc. 11-23, and the ten-volume reporter's record is available at Doc. 11-4 through Doc. 11-13.

On October 12, 2016, Petitioner filed his *pro se* federal habeas petition, claiming ineffective assistance of counsel and challenging the sufficiency of the evidence.  Doc. 3. Respondent argues the claims lack merit.  Doc. 12.  Petitioner has not filed a reply.

The following is the summary of the trial evidence recounted verbatim from the unpublished opinion of the state appellate court in the direct appeal of this case:

> Brian Davenport, an officer with the Cleburne Police Department, was watching a house where drug activity was suspected and observed what he thought to be a drug transaction between a passenger of a vehicle and a resident of the house. He followed the vehicle; and when he observed a traffic violation, he initiated a traffic stop.  Because of the way the vehicle stopped, Davenport thought the occupants of the vehicle might run; so he requested back up.  Other officers arrived; and when the passenger of the vehicle, later identified as Galvan, would not take his right hand out of his jacket pocket, he was removed from the vehicle and taken to the ground. Galvan still refused to remove his hand from his jacket pocket. While officers struggled with Galvan on the ground, Galvan's hand was finally pulled from the jacket pocket, revealing a gun in Galvan's hand with his finger on the trigger.  Officers continued to struggle with and tased Galvan to make him release the gun, all with no success.  As a last resort, Galvan was shot by one of the officers. Galvan continued to struggle but finally let go of the weapon.  Galvan continued to struggle with officers and EMS personnel and ultimately had to be sedated before he could be transported to a local hospital.

Galvan, 2014 WL 6872901, at *1.

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the decision of the state court is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (*quoting Richter*, 562 U.S. at 102)). Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision," federal habeas relief should not be granted. *Richter*, 562 U.S. at 102 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Explained differently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law.") (quotations and quoted case omitted; emphasis in original). The deferential standard of review applies even where, as in this case, the state court summarily denied all claims without written order. *See Richter*, 562 U.S. at 100 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of §

2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

A. **Ineffective Assistance of Counsel at Trial**

Petitioner's ten claims of ineffective assistance of trial counsel are conclusory and should be dismissed. Doc. 3 at 6-11. As Respondent correctly notes, Petitioner summarizes the ineffectiveness claims presented to the state habeas court and wholly fails to show that the state court's application of *Strickland* was unreasonable. Petitioner has also provided nothing more than conclusory allegations to show that defense counsel's performance fell below an objective level of reasonableness. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical

issue in his pro se petition . . . to be of probative evidentiary value."). And even if Petitioner could demonstrate deficient performance based on one or more of his claims, he has not established a reasonable probability that, but for counsel's allegedly deficient performance, the result of the proceeding would have been different, and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. See *Richter,* 562 U.S. at 103-05.

That notwithstanding, applying the appropriate deference and having independently reviewed Petitioner's claims and the state court record, the Court concludes the state court's implicit application of *Strickland* was reasonable.

**Claims 1, 5, 7, 10.** Petitioner asserts defense counsel rendered ineffective assistance in failing to (1) seek funding for Taser and toxicology experts for the guilt-innocence phase and a mitigation expert for the punishment phase, and (2) call Sergeant Black, Officer Duddington, and Jonathan Cristobal as witnesses at trial. Doc. 3 at 6, 10, 11.

To show that counsel rendered ineffective assistance by neglecting to secure and call a lay or expert witness, the petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009) ("complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative."). The "requirements of affirmatively showing availability and willingness to testify '[are] not a matter of formalism,'" but they are "part of the burden of proving that trial counsel

could have found and presented a favorable expert." *Hooks v. Thaler*, 394 F. App'x 79, 82-83 (5th Cir. 2010) (per curiam) (quoting *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010)).

Petitioner does not identify in either his state or federal petition any expert who should/could have been appointed by the trial court, does not allege with specificity the substance of the said experts' testimony, and wholly fails to explain how the testimony of an expert would have been favorable to his defense during the guilt/innocence and punishment phases of his trial. *See, e.g., Evans v. Cockrell,* 285 F.3d 370, 377-78 (5th Cir. 2002) (denying uncalled expert witness claim where petitioner failed to present evidence of what scientific expert would have stated if called). Likewise, Petitioner fails to provide evidence that Black, Duddington, or Cristobal were available and willing to testify and that their testimony would have been favorable to his defense. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) (denying claim of failure to call witnesses where petitioner failed to present affidavits from the putative witnesses). Here, given the "complete lack of necessary evidence," Petitioner "cannot establish prejudice under *Strickland*." *Hooks*, 394 F. App'x at 83.

**Claim 2.** Petitioner asserts counsel refused to permit him to testify at trial, Doc. 3 at 6-7, but the allegation is, as before, conclusory and wholly unsupported. Moreover, the record belies this claim as the trial court instructed the jury in Petitioner's presence that Petitioner had <u>elected</u> not to testify. Doc. 11-11 at 115 (RR 8). Additionally, in his affidavit to the state habeas court, trial counsel confirmed that he "never refused to allow [Petitioner] to testify," and instead "gave him the option to testify at his trial" after warning him that "if he testifie[d] the State would almost certainly use [his] prior convictions to impeach his credibility." Doc. 11-23 at 191. On this record, Petitioner's bare assertion is insufficient to show *Strickland* prejudice. *See Mallard*

*v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008) ("a conclusory assertion is insufficient to show prejudice under . . . *Strickland*.").

**Claim 3.** Next, Petitioner asserts counsel rendered ineffective assistance during closing argument by failing to object when the prosecutor: "1) commented on Galvan's failure to testify; 2) improperly bolstered the testimony of the officers; 3) repeatedly told the jurors to use their common sense; 4) repeatedly argued that Galvan was 'jacked up on drugs' when no evidence was presented to show he was on drugs at the time of the arrest and assault on him by officers; and 5) argued facts contrary to the court's charge." Doc. 3 at 8. However, a review of the record reveals that any such objection by trial counsel to the prosecution's closing argument would have been frivolous or meritless. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness"); *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988) (a prosecutor's closing argument can summarize the evidence, draw reasonable deduction from the evidence, respond to opposing counsel's arguments, and make a plea for law enforcement).

Such review confirms trial counsel's account that the prosecutors did not comment about Petitioner's election not to testify, bolster the trial testimony of the State's witness, or improperly urge the jury to use their common sense. Doc. 11-23 at 192-93; Doc. 11-11 at 118-26, 141-48. The record further supports counsel's assessment that, because there was evidence that Petitioner had obtained or used methamphetamine earlier that day, the "State was merely arguing drug use based on [Petitioner's] admissions, the officers' observations, and the officers' prior experience and training. Doc. 11-23 at 193; Doc. 11-11 at 123. Thus, based on a record that clearly

contradicts Petitioner's factual assertions, he cannot overcome the strong presumption that he received effective assistance of counsel during closing argument.

**Claim 4.**  Petitioner asserts counsel rendered ineffective assistance in failing to have him examined for competency.  Doc. 3 at 8.  He claims that (1) he suffered from "hallucinations of helicopters chasing him" as reflected in "evidence adduced at trial and during a suppression hearing," and (2) following his surgery, a psychiatrist determined he "suffered symptoms of extreme bipolar, and other forms of competency and recommended further treatment."  *Id.*

As with his prior claims, Petitioner has provided nothing more than conclusory allegations that counsel's performance fell below an objective level of reasonableness.  *See Ross v. Estelle*, 694 F.2d 1008, 1011 ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").  While counsel has a duty to conduct a reasonable investigation, *Strickland,* 466 U.S. at 691, the duty to investigate competency only arises when "it becomes clear that the client is suffering from mental difficulties rendering him insane or incompetent to stand trial." *Miller v. Dretke*, 420 F.3d 356, 363 (5th Cir. 2005).  Here, counsel averred that there was nothing to cause him to question Petitioner's competency to stand trial.  Doc. 11-23 at 193-94.  Specifically, counsel noted that he had no problems communicating with Petitioner, that he "never witnessed him talking irrationally or hallucinating in any way," and that Petitioner appeared to fully comprehend the criminal proceeding.  *Id.*  Nothing in the record of the trial and other proceedings support a conclusion to the contrary.  Consequently, Petitioner has not established that counsel had a duty to investigate his competency and, thus, he has failed to prove that counsel's performance was deficient.  Moreover, he has completely failed to establish any

prejudice resulting from the lack of an investigation into his competency.  Indeed, Petitioner has wholly failed to allege, much less show, that the outcome of the trial would have been different had counsel made a reasonable investigation into the issue of competency.  *Strickland*, 466 U.S. at 694.

**Claim 6.**  Petitioner does not present any factual support for his claim that counsel was ineffective for failing to investigate that he could not exit the vehicle at the time of the incident because the locking mechanism on the passenger door was broken.  Doc. 3 at 10.  Allegations of a counsel's failure to investigate must state with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial."  *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000).  Counsel averred that Petitioner never informed him that the locking device was broken, Doc. 11-23 at 191, but that Jonathan Cristobal, the driver of the car, told counsel he unlocked the passenger door for the police because Petitioner was uncooperative, Doc. 11-23 at 194-95.  In any event, Petitioner fails to show how further investigation into defects in locking mechanism would have helped his defense and ultimately affected the outcome of his trial, where the evidence clearly established that he was uncooperative, belligerent and secreting a firearm when the events at issue unfolded.

**Claim 8.**  Petitioner asserts defense counsel was ineffective for failing to impeach Ranger Michael Don Stoner during the suppression hearing with out-of-court statements that allegedly demonstrated Stoner's bias.  Doc. 3 at 10.  Petitioner offers no proof, and nothing in the record suggests, that the outcome of the suppression hearing would have been different if the statements had been used to impeach Stoner at the suppression hearing.  Indeed, the record reflects that

counsel attempted to impeach Stoner with the allegedly offending statements. At an objection to the subsequent use of the statement before the jury, the prosecutor argued:

> We'd object that it's hearsay. The conversation, I believe, is the same conversation brought up during Cross-Examination, and Ranger Stoner, he was confronted with those statements. And I would agree under Rule 613, had Ranger Stoner said, "No, those weren't my comments, those weren't my statements," I would agree that they would be admissible to impeach him. But he admitted those were, in fact, his statements; therefore, I don't see any grounds for admissibility. And it would be hearsay.

Doc. 11-11 at 88. Not only does the record belie Petitioner's assertion that counsel failed to impeach Stoner with the prior statements, or at least attempt to do so, it conclusively establishes the trial court's basis for excluding such statements as hearsay at trial. Doc. 11-11 at 87-90. That notwithstanding, Petitioner offers nothing from which the Court can conclude that the outcome of the suppression hearing and the trial would have been different. Thus, Petitioner once again fails to meet the *Strickland*-prejudice prong.

**Claim 9.** Contrary to Petitioner's argument, counsel also lacked a non-frivolous basis "to move for an instructed verdict of not guilty on the elements of intent, knowledge, and the alleged drug use and intoxication." Doc. 3 at 11; *see* *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections."); *see also Green*, 160 F.3d 1029, 1037 (failure to make a frivolous objection is not deficient performance). Counsel avers in his affidavit that "there had been more than a scintilla of evidence presented by the State regarding the element of intent and there was no reasonable belief to me that the Court would have granted an instructed verdict on that issue." Doc. 11-23 at 196. More importantly, the state court of appeals found the evidence sufficient to support the convictions. *See Galvan v. State*, 2014 WL

6872901, at *3. By his bare assertions, Petitioner has not alleged, much less established, that he was prejudiced – namely that a motion for an instructed verdict would likely have been granted.

In summary, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel at trial. The state court's denial of relief on the foregoing claims of ineffective assistance of counsel at trial was a reasonable application of federal law and, thus, those claims fail before this Court as well.

### B. Insufficiency of Evidence – Claim 9

Petitioner also alleges the evidence presented at trial was insufficient to show (1) that he resisted the effects of the Tasers because of his alleged intoxication with drugs, and (2) that he intentionally and knowingly tried to shoot the officers. Doc. 3 at 8, 11. As with his ineffectiveness claims, this ground is conclusory and Petitioner completely fails to meet his burden of establishing that the state court's denial of his sufficiency of the evidence claim was an unreasonable application of clearly established federal law.

A state prisoner is entitled to habeas corpus relief only if a court finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The court of appeals rejected Petitioner's challenge and found the evidence sufficient to support his convictions. *Galvan*, 2014 WL 6872901, at *3. The court found:

> When Galvan encountered the officers, he would not take his right hand out of his jacket pocket. When the passenger door was opened, Bagwell pulled Galvan out and took him to the ground with the help of Rogers. Galvan was pinned to the ground while Bagwell tried to pull Galvan's hand out of Galvan's pocket. At the same time, Rogers was struggling to hold Galvan's left arm down. When Bagwell succeeded in pulling Galvan's hand out of his pocket, he saw that Galvan was holding a chrome-colored hand gun and had his finger on the trigger. Rogers and Davenport heard Bagwell yell that Galvan had a gun. Davenport saw the gun and

> Galvan's finger on the trigger, as well. Davenport then joined the struggle to obtain control of the weapon in Galvan's hand.
>
> Each officer testified that while Davenport and Bagwell were struggling to obtain possession and control of the firearm in Galvan's hand, Galvan was moving his arm, hand, and the gun along the ground, trying to free himself from the grip of the officers. Each officer also testified that, at various times, he thought the gun was pointed in his direction and was in fear of his life or felt threatened.
>
> The evidence shows that Galvan did not "merely" possess the gun. Rather, it shows that he used it in a manner that made each officer feel threatened or that his life was in danger. In other words, it facilitated the commission of the assault by threat. Thus, the evidence is sufficient to prove both that he threatened the officers and that he used or exhibited a deadly weapon while doing so. Galvan's first issue is overruled.

*Id.*

Insofar as Petitioner requests this Court to re-evaluate the evidence presented at trial, that invitation is rejected. "All credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). A federal habeas court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the prosecution. *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995). Under that standard, there is no question that the State's evidence, when viewed in the light most favorable to the prosecution, was sufficient to permit a rational jury to find Petitioner guilty of aggravated assault. *Jackson*, 443 U.S. at 318. Thus, Petitioner has not shown that the denial of his sufficiency of the evidence claim was unreasonable and so, this claim also fails.

### C. Ineffective Assistance of Counsel on Appeal – Claim 11

Lastly, Petitioner asserts his appellate counsel rendered ineffective assistance in failing to raise on direct appeal the claims presented now in his federal petition. Doc. 3 at 11. Because the

issues Petitioner raises here have no merit, as noted herein, appellate counsel necessarily was not ineffective in failing to raise them on direct appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("'Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.'"). Petitioner has not demonstrated that the state court's implicit decision rejecting his claim of ineffective assistance of appellate counsel was unreasonable and, thus, he cannot prevail.

### D. Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing to "prove [his] claims of counsel's errors." Doc. 3 at 8. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court and, therefore, is not entitled to an evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**SIGNED** July 9, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE